IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ERIC JOSEPH NORDQUIST,**

    **Plaintiff,**

vs.                                  Case No. 4:23-CV-00417-MW-MAF

**DR. VICTORIA LAWSON,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Eric Joseph Nordquist, a non-prisoner proceeding *pro se*, is committed to the Florida State Hospital (FSH). Plaintiff filed a civil rights complaint against Dr. Victoria Lawson and Dr. Rashik Patel pursuant to 42 U.S.C. § 1983. ECF No. 1. After careful consideration, the case should be dismissed for the following reasons: (1) the complaint is a shotgun pleading, and (2) Plaintiff failed to comply with court orders.

    **I.    Plaintiff's Complaint, ECF No. 1.**

Plaintiff sued two psychiatrists employed at Florida State Hospital (FSH) solely in their official capacities. ECF No. 1, p. 3. As best can be determined, Plaintiff claims that he is being held against his will at FSH and, for the past ten months, has been "forced to take medications that may kill

Case 4:23-cv-00417-MW-MAF    Document 5    Filed 11/08/23    Page 2 of 6

Page 2 of 6

[him]." Id., p. 4. Plaintiff also has a heart condition. Id., pp. 4-5. According to Plaintiff, Haldol, Resperdal, and Geodon aggravate his heart condition; he is also being forced to take Loxipine, which causes "strange behaviors" and hallucinations. Id., p. 5. Plaintiff claims that he offered his doctors access to his medical records in Pensacola, but they have not examined them. Id. Plaintiff alleges "discriminatory neglect and abuse of a vulnerable adult" since he is disabled. Id., pp. 5-6. Plaintiff seeks $500,000 for pain and suffering; $2,000,000 for "total damages"; and an injunction against his confinement in the mental health facility. Id., p. 6. Plaintiff was ordered to amend his complaint on or before October 30, 2023. ECF No. 4, p. 1. To date, Plaintiff has not amended his complaint.

II. Discussion

    A. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must

'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. Of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015). There are no numbered paragraphs in Plaintiff's statement of facts.

"A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of Rules 8(a) and 10(b)." <u>Id.</u> (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." <u>Id.</u> (citing <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. <u>See</u> <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>Id.</u> at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u> at 1322. The third type of shotgun pleading does not separate

"into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff provided no set of facts for any acts or omissions attributable to either psychiatrist. There is no explanation of how or when Plaintiff came to be committed to FSH or any other details related to his commitment. The fact that Plaintiff is confined to a mental hospital and is prescribed medications standing alone, without more, is insufficient to support any claim. The complaint is a shotgun pleading; and Plaintiff did not amend.

B. Plaintiff Failed to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes

the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the petition is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Moreover, this Court cannot proceed with a complaint that fails to comport with the Rules.

The Court ordered Plaintiff to amend the complaint by October 30, 2023, but he did not do so. ECF No. 4. The Court warned Plaintiff that failure to comply with court orders would result in a recommendation of dismissal. Id. Plaintiff will not be prejudiced by this dismissal. He may refile a proper complaint subject to a new case number and filing fee.

## III.  Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 8, 2023.

                                **/s/ Charles A. Stampelos**
                                **CHARLES A. STAMPELOS**
                                **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).